Bradbury, J.
The petition which is the basis of this action is in the following words:
Christian Lersch, Sr., plaintiff, v. The Baltimore & Ohio Railroad Company, defendant.
Petition.
Defendant is a foreign corporation duly organized under the laws of the state of Maryland, and in April, 1888, did; and yet does own and operate a certain railroad running through Mansfield, Ohio, and known as the Baltimore & Ohio Railroad.
That at the time of the grievances hereinafter complained of, the said plaintiff was and still is the owner of fifty-five feet off of the south side of in-lot number two hundred and eighty-seven (287), and by last numbering, No. 960, in Bentley’s addition to the town, now the city of Mansfield, Ohio. That said lot is situated on the northeast corner of the crossing of West Diamond and Bloom streets in said city of Mansfield, with fifty-five feet fronting and abutting on said West Diamond street, and one hundred and eighty feet bounding and abutting on said Bloom street.
That at the time of the grievances here complained of, there was situated on said plaintiff’s said lot, a certain two-story brick building, containing three business rooms on the ground floor fronting on said West Diamond street, together with a frame barn situated thereon.
*646 That without the consent and against the will of the said plaintiff, the said defendant, The Baltimore & Ohio Railroad Company, wrongfully, about the month of April, 1888, built and extended its switch railroad track across said West Diamond street at its crossing of said Bloom street and east along Bloom street by the side of the flouring mill on the south side of said Bloom street and directly opposite to said plaintiff’s lot and buildings. And that said defendant at the same time, about the month of April, 1888, built and extended its branch line of railroad track across said West Diamond street, at its crossing of Bloom street and along said Bloom street, east, near by and past said plaintiff’s said lot and buildings. By reason of which said defendant runs its cars and locomotives along said switch track and along said branch railroad track close by said plaintiff’s said lot, business building and improvement, causing discordant noises and Ailing said premises with vapor, smoke and dust, and emitting sparks of fire, to the great damage and discomfort of its occupants, and whereby said premises were and are greatly diminished in value to the damage of the said plaintiff in the sum of eight thousand dollars.
Wherefore said plaintiff prays judgment against said defendant for said sum of eight thousand dollars and costs of suit.”
To this petition the railroad company interposed the following answer:
“The defendant, The Baltimore & Ohio Railroad Company, answering the petition of the said plaintiff, says that it admits chat it is a corporation organized as stated in the petition of the plaintiff, but it denies that it owns the railroad therein *647 described. This defendant does not know whether the said plaintiff is the owner of the premises described in said petition or not, and the averment of said petition with regard to said ownership is therefore denied. And the defendant admits that it built and extended its switch across West Diamond street in said city of Mansfield at its crossing of Bloom street, and thence east along Bloom street by the side of the flouring mill on the south side of said street, and opposite the lot described in plaintiff’s petition. And the defendant admits that its purpose in building said switch was to switch cars from its main track over said switch to the flouring mill referred to in the said petition, and to other points for the purpose of being loaded with freight.
And the defendant denies each and all of the other averments contained in said petition.”
Upon the issues raised by the foregoing pleadings the parties went to trial. The plaintiff below sought to establish as the measure of his damages, the difference between the value of his property before the railroad track was laid and its value afterwards. To this course of the evidence the railroad company objected, and the objection being overruled it excepted. After the evidence had closed the railroad company requested the court to instruct the jury that: “It is not claimed by the plaintiff in this case in his petition that his access to the street from his property described has been obstructed or impaired by the location and construction of this railroad track in the street and no recovery can be had herein based on any such claim.”
This instruction was refused, to which refusal the railroad company excepted.
*648 An inspection of the pleading will disclose that, while the plaintiff below set forth as a foundation for relief, his ownership of the premises and the construction and operation by the defendant, without his consent of a railway in and along the street upon which his premises abut, yet when he came to state the acts which injured those premises, and the injuries in fact suffered by them, he confines himself to such as result from “discordant noises, filling said premises with vapor, smoke, dust, and emitting sparks of fire, all of which are caused by passing cars and locomotives;” he makes no complaint on account of the street being occupied by the railroad track, nor of any obstruction or impairment of access to the premises, by reason of the existence of the railroad track in the street, or the running of cars and locomotives thereon, nor does he complain that such acts have affected or infringed upon any fee or easement he may have in the street, or even state his ownership of any such fee or easement.
The action was brought under section 3283, Revised Statutes, which reads: ‘ ‘If it be necessary in the location of any part of a railroad to occupy any public road, street, alley, way, or ground of any kind, or any part thereof, the municipal or other corporation or public officers, or authorities, owning or having charge thereof, and the company, may agree upon the manner, terms, conditions upon which the same may be used or occupied; and if the parties are not able to agree thereon, and it be necessary, in the judgment of the directors of such company, to use or occupy such road, street, alley, way or ground, such company may appropriate so much of the same as may be necessary for the purposes of its road, in the manner and upon the *649 same terms as is provided for the appropriation of the property of individuals; but every company which lays a track upon any such street, alley, road, or ground shall be responsible for injuries done thereby to private or public property lying upon or near to such ground, which may be recovered by civil action brought by the owner, before the proper court at any time within two years from the completion of such track.”
This language is so comprehensive that, if alone considered, no violence would be done to it by a construction which would permit, in an action brought under the statute a full recovery for every injury inflicted to abutting property by the construction and operation of a railroad track along the street or other highway upon which the property abuts, including, if the averments of the petition are broad enough, not only damages for annoyance and injury resulting from smoke, sparks, dust, noises, cause by passing cars and locomotives, interruption of ingress and egress to the abutting property, but for appropriating to the use of the railroad whatever interest, whether a fee or easement, that the abutting owner might own in the street. If the law affords no other remedy than that provided by this statute, for such injuries, the inference might be very strong, perhaps irresistible, that full relief as above recited might be had in an action brought under it. This view of subject seems to have been taken by Owen, C. J., in Railway Company v. Gardner, 45 Ohio St., 322. And in such state of the law a petition in such action might be regarded as sufficient to authorize that full measure of relief, if couched in terms broad enough although failing to set forth specific injuries: where, however, the *650 party injured, as in the present ease, specifies the injuries sustained, there seems to be no sound reason for affording him relief on account of other injuries of which he has not complained; and in this connection it is immaterial that the statute, or the rule of common law, under which the action was brought, authorizes a demand for more extended relief. The plaintiff by his own averments having limited his demand should be held to the claim he has made. The claim thus put forth is the only one of which the defendant has notice, or is presumed to have made preparation to contest.
To permit the plaintiff to recover the difference between the value of the property before the railroad track was laid, and its value afterwards, would be to allow a recovery not only for the injury he set forth, which was that which resulted from passing cars and locomotives causing “discordant noises and filling said premises with vapor, smoke, dust and emitting sparks” but in addition for such damages as the jury might have thought was caused by the railroad track, and passing trains, impairing access to and from his property, and also for the value of the fee or easement which he might own in the street as appurtenant to that property.
In so far as he possessed any property rights in the street which the railroad company had taken for its track, Chapter 8, of Title 11 of the Code of Civil Procedure would seem to afford an ample remedy. This chapter and title provides for the appropriation of private property, and section 6415, Revised Statutes, a part of that chapter, authorizes an appropriation of an easement in lands as well as the appropriation of the land itself.
*651 In The Lawrence Railroad Co. v. Williams, 35 Ohio St., 168, this court held that “where a railroad company occupies a public highway for its track without appropriating or otherwise acquiring the right to do so an owner of abutting lands, having the fee in the highway may proceed under section 21 of the act of 1872 (69 Ohio Laws, 95) to compel the company to appropriate the right of way for its road. As section 6415, Revised Statutes, before referred to, in respect to proceedings in appropriation, places an easement upon the same footing with a fee, it would seem to follow from the above holding as to appropriating a fee in a highway, that an easement therein might also be the subject of such proceedings. An easement in a street or other highway, appurtenant to an abutting lot partakes of the nature of land, it is a part of the lot to which it is appurtenant, passing to a purchase with a conveyance of the lot, and descending to the heir on the death of the ancestor. Railway Co. v. Gardner, 45 Ohio St., 318; Railway Co. v. O'Harra, 50 Ohio St., 667; Crawfords. Village of Delaware, 7 Ohio St., 469. This being so, it is immaterial, as concerns his remedy, whether the plaintiff below had a fee or only an easement in the street occupied by the railroad track, for in either case his property therein'was a proper subject of proceedings in appropriation, and, for aught that appears in the record, may have been appropriated. And if appropriated for railroad purposes it would have been competent for the jury in assessing damages, to consider the extent to which ingress and egress to the abutting property would be affected by the laying of a railroad track in the street and operating a railroad thereon, and it *652 must be presumed that such effect was considered and damages allowed accordingly.
Whatever effect this right to resort to appropriation proceedings may have upon the extent of the, recovery authorized by section 3283, Revised Statutes, under which this action was brought, the question is not before the court. It may be said, however, in passing, that considerations of considerable weight exist tending to the conclusion that the remedy provided by section 3283, supra, does not include that relief which may be had under the statutes pertaining to proceedings in appropriation. An action under section 3283, supra, must be commenced within “two years from the completion of such track, ’ ’ while twenty-one years are required to bar a proceeding to compel an appropriation of the soil or easement in a street that has been occupied by a railroad company for its track. Railroad Co.v. O'Harra, 48 Ohio St., 343. The damages recoverable under this section are personal and do not pass to a grantee, on conveyance of the property injured. Railroad Co. v. Campbell, 51 Ohio St., 328. While in the case of a fee or easement in a street appurtenant to abutting lands, it is quite clear that it would descend to the heir on the death of the ancestor, and pass to the grantee with a conveyance of the lands to which it is appurtenant. Railroad Co. v. O'Harra, 50 Ohio St., 667.
But whatever the extent of the recovery permissible under section 3283, supra, may be, where, as the case under consideration, the plaintiff in his petition sets forth specifically the acts which have injured his property and the particular injuries such property has sustained, his recovery should be limited accordingly. Taking this view *653 of the matter as the correct one, it is manifest that the court of common pleas erred in permitting the plaintiff below to introduce, as the measure of damages, evidence of the difference between the value of the property before the railroad occupied the street with its track and its value afterwards. And, for the same reasons, it was error to refuse the request of defendant below. That, “It is not claimed by the plaintiff in this case in his petition that his access to the street from his property described has been obstructed or impaired by the location and construction of this railroad track and no recovery can be had based on any such claim.”
The plaintiff in error requested the court to instruct the jury, to the effect; that if two years had elapsed between the completion of the railroad track and the commencement of the action, the plaintiff could not recover.
This instruction was rightfully refused, the limitation of two years prescribed in section 3283, Revised Statutes, should be treated as any other statute limiting the time within which an action may be commenced. If the party entitled to its benefit does not plead it in some form, he waives his right to avail himself of its provisions. In this case plaintiff in error did not interpose, by plea or demurrer, any objection in respect to the time which had elapsed after the track had been completed, before the petition was filed. The first objection made on this ground was after the evidence had been submitted to the jury. It was then too late.

Judgment reversed.